# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BRADLEY SCOTT HEINTZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:14-cv-00195-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Bradley Scott Heintz brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On June 5, 2015, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 29).

Heintz's attorney, Joseph Sellers, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $7,982 for his firm's representation of Heintz in federal court. (DE 37). The Commissioner does not oppose Sellers's fee request. (DE 37 ¶ 10). For the following reasons, Sellers's motion for attorney fees will be GRANTED, subject to the adjustment set forth herein.

### A. *Factual and Procedural Background*

On July 16, 2014, Sellers and his co-counsel entered into a contingent fee agreement with Heintz for their representation of him in federal court, in which Heintz agreed to pay them 25% of any past-due benefits awarded to him.[1] (DE 37-1).

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

On June 25, 2014, Heintz filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (DE 1). On June 5, 2015, Heintz received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (DE 29).

On August 26, 2015, Heintz filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 38.75 hours of attorney time (plus 3.75 hours of paralegal time) spent advocating his claim in federal court. (DE 31-DE 34). Pursuant to a stipulation by the parties, the Court granted Heintz an EAJA fee award of $7,200. (DE 35).

On March 20, 2016, the Commissioner sent a notice of award to Heintz, informing that he was entitled to monthly disability benefits beginning May 2013 and past-due benefits of $37,289, of which $9,322.25 was withheld toward payment of attorney fees. (DE 37-2).

On August 22, 2016, and again on January 3, 2017, Sellers received a notice from the Commissioner that a balance of $7,982 was being withheld from Heintz's past-due benefits for payment of attorney fees for federal court and inquiring whether Sellers had petitioned the Court for attorney fees. (DE 37-3 at 2-3). On January 23, 2017, Sellers filed the instant unopposed motion seeking the Court's approval of a payment of $7,982 for attorney fees before this Court, requesting that $7,200 be released to Heintz to offset the previous EAJA fee award and the remaining $782 be paid to Sellers's firm. (DE 37 ¶ 7).

### B. Legal Standard

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 794. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for

2

representation in court.  *Id*.  Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government.  *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level.  42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).  There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a).  *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3]  42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.  Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee.  *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements.  *Id.* at 809.  The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Courts that

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense."  *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### C. Analysis

The Court is charged with determining whether Sellers's requested fee of $7,982 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Heintz's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). In that regard, Heintz was awarded $37,289 in past-due benefits. (DE 37-2 at 2; DE 37 ¶ 5). Thus, the fee amount that Sellers requests, $7,982, does not exceed 25% of Heintz's past-due benefits.

Sellers contends that his requested fee award of $7,982 is reasonable for the 38.75 hours that he and his colleagues spent representing Heintz in federal court. He emphasizes that the requested fee reflects the contingent nature of the recovery. *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements."). Sellers also submits a statement signed by Heintz indicating that he agrees with the amount of the requested fee. (DE 37-5).

It is obvious that Sellers obtained a good result for Heintz, as the Commissioner ultimately found him disabled and awarded him $37,289 in back benefits. Furthermore, Sellers's requested fee of $7,982 divided by the 38.75 hours his firm spent on the case in federal court

4

equates to an effective rate of $206 per hour.[4]  This rate is well below many of the effective rates previously awarded in the Fort Wayne Division.  *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour).  Accordingly, Sellers's requested fee award of $7,982 will be authorized by this Court, subject, however, to the following adjustment.

Sellers filed his § 406(b) fee request more than nine months after Heintz was awarded benefits, and thus, there is a timeliness issue as to his fee request*.  See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed." (citations omitted)).  The Seventh Circuit Court of Appeals has stated that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith*, 815 F.2d at 1156.

In *Hill v. Commissioner of Social Security*, this Court held that an attorney's delay of nine months in filing a § 406(b) fee request prejudiced Hill, because it deprived Hill of the timely receipt of the $1,754.75 additional amount withheld from her past-due benefits.  No. 1:11-cv-00134-SLC, 2016 WL 2643360, at *5 (N.D. Ind. May 10, 2016).  The Court concluded that Hill should not be prejudiced by her attorney's delay.  *Id*.  Thus, the Court reduced the portion of

---

[4] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

the attorney's award to an amount equal to the interest on the remaining $1,754.75, calculated pursuant to the statutory interest rate, beginning 90 days after the date of Hill's benefit award through the date the attorney filed his § 406(b) motion, and added it to the $1,754.75 owed to Hill. *Id.*; *see Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *2 (N.D. Ind. July 11, 2011) (finding a two-year interval between attorney's receipt of a notice of award and his filing of a § 406(b) request to be *per se* unreasonable); *Scharlatt v. Astrue*, No. C 04-4724, 2008 WL 5000531, at *6 (N.D. Cal. Nov. 21, 2008) (reducing the amount of the § 406(b) award where the attorney's 18-month delay deprived plaintiff of the timely receipt of an additional amount of past-due benefits); *Garland v. Astrue*, 492 F. Supp. 2d 216, 221-22 (E.D.N.Y. 2007) (denying a § 406(b) fee award where the attorney delayed nine months in filing the motion).

Here too, the instant motion was filed more than nine months after the Commissioner awarded Heintz benefits. This delay has prejudiced Heintz in that it has deprived him of the timely receipt of the additional amount of $7,200 withheld from his past-due benefits. Heintz should not be prejudiced by his attorneys' delay. Accordingly, the Court will order that the attorneys' portion of the fee award be reduced to account for the prejudice that resulted to Heintz because of his attorneys' delay. More particularly, the Commissioner will be directed to deduct from the portion due to Heintz's attorneys, an amount equal to the interest on the $7,200 owed to Heintz, as calculated pursuant to the statutory interest rate, beginning June 20, 2016, which is 90 days after Heintz was awarded benefits, through January 23, 2017, the date the instant motion was filed, and add it to the $7,200 owed to Heintz. The attorneys, then, are to receive the remaining balance of the fee award.

### D. Conclusion

For the foregoing reasons, Plaintiff's motion for authorization of attorney fees under §

406(b) (DE 37) is GRANTED in the amount of $7,982. The Commissioner is ORDERED to distribute $7,200 to Heintz, plus interest, calculated at the statutory interest rate, for the period of June 20, 2016, through January 23, 2017; and to distribute the remaining balance of the fee award to Heintz's attorneys.

    SO ORDERED.

    Entered this 7th day of February 2017.

    /s/ Susan Collins
    Susan Collins,
    United States Magistrate Judge